IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PATRICK DAVIS, | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | CASE NO: 5:12-CV-294-CAR-CHW |
| | : | |
| Warden STEVE UPTON, et. al. | : | |
| | : | |
| Defendants. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| _____ | | |

### ORDER & RECOMMENDATION

Plaintiff Patrick Davis, a prisoner at Georgia Diagnostic and Classification Prison ("GDCP"), has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's submissions, the Court finds that Plaintiff is currently unable to prepay the $350.00 filing fee. The Court accordingly **GRANTS** Plaintiff's Motion to Proceed *in forma pauperis* [ECF No. 2] and waives the initial partial filing fee required by 28 U.S.C.§ 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as is discussed herein. The Clerk of Court shall thus send a copy of this Order to the business manager of GDCP.

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to also conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a). Having now reviewed Plaintiff's Complaint, Supplement, and Amended Complaint [ECF Nos. 1, 8, 9], the undersigned **RECOMMENDS** that only Plaintiff's excessive force claim against Officer Young be allowed to proceed beyond the frivolity review stage.

**STANDARD OF REVIEW**

When conducting a preliminary review under § 1915A, the district court must accept all factual allegations in the Complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Nonetheless, a district court may still dismiss a prisoner complaint after the initial review if it finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); see also 28 U.S.C. §1915(2)(B).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." Id. In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. Id. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

To state a claim for relief under §1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff's claims arise out of an alleged incident of excessive force occurring on July 21, 2010. The Complaint alleges that, while escorting Plaintiff to the showers, Defendant Officer Emmanuel Young pinned Plaintiff (who was restrained with handcuffs and ankle shackles) against the wall and struck him on the left side of his face and ear. Another officer, Defendant Barclay Banta, then grabbed Plaintiff by the arm and escorted Plaintiff to his assigned cell. Defendant Banta allegedly stated that he witnessed the assault and promised to inform the Unit Manager and call a nurse. Officer Banta then returned two hours later and stated that Unit Manager Mintz and Captain Michael Moore directed him to visually examine Plaintiff through the cell window for injuries. Plaintiff requested medical treatment but was not taken to the medical unit. In fact, despite Plaintiff's repeated requests for medical treatment, he was not seen by a physician until August 10, 2010. At that time, the physician, Dr. Burnside, examined Plaintiff and stated that he "did not see anything wrong" with Plaintiff's ear. (Amended Complaint [ECF No. 9] at 7 & 11). Thus, *if* Plaintiff suffered any injuries, they had healed without medical treatment. See id.

These allegations, when read in a light most favorable to the Plaintiff, may be sufficient to support an excessive force claim against Defendant Officer Young under 42 U.S.C. § 1983.[1] It is

---

[1] Although the two-year statute of limitations applicable to § 1983 actions filed in Georgia, see Williams v.

thus **ORDERED** that service be made on Defendant Young and that he file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant Young is of course reminded of his duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

It is **RECOMMEDED**, however, that any excessive force or failure to protect claims against Defendants Officer Banta, Warden Upton, Unit Manager Mintz, Captain Moore, Lieutenant Floyd, or Deputy Warden Powell be **DISMISSED** pursuant to 28 U.S.C. § 1915A.  Though Plaintiff alleges that Defendant Banta was present at the time of the attack, there are no allegations suggesting that Banta participated in the assault or was otherwise in a position to intervene. See Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L. Ed.2d 811 (1994); Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003).  Plaintiff has likewise fails to allege facts sufficient to support a claim against Defendants Upton, Mintz, Moore, Floyd or Powell.  While Plaintiff alleges that these Defendants were made aware of the alleged assault after it occurred, he does not suggest that any of these officials either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would."  Gross v. White, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007)).  Plaintiff has thus not alleged any of the prerequisites for imposing supervisory liability on the part of these Defendants.

---

City of Atlanta, 794 F.2d 624 (11th Cir. 1986), expired prior to the date Plaintiff's Complaint was filed in this Court, on July 24, 2012, it appears that Plaintiff may have signed his Complaint on July 12, 2012. Thus, for the purposes of this Order & Recommendation, it is presumed that Plaintiff may have delivered his Complaint to prison officials for filing prior to the expiration of the statute of limitations. See Day v. Hall, 528 F.3d 1315 (11th Cir. 2008) ("Under the mailbox rule, . . . a prisoner's pleading is considered filed on the date the prisoner delivers such to prison authorities for filing.").  Defendant Young, however, is not precluded from raising a statute of limitations defense in his responsive pleading.

It is also **RECOMMENDED** that Plaintiff's claims for denial of medical treatment against the remaining Defendants be **DISMISSED** under 28 U.S.C. § 1915A. To state an Eighth Amendment claim for inadequate medical care, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). These allegations must satisfy both an objective and subjective component. Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994), *overruled in part on other grounds*, Hope v. Peltzer, 536 U.S. 730, 739 (2002). Under the first component, a prisoner must set forth evidence of an "objectively serious medical" need that, left unattended, poses a substantial risk of serious harm. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). A medical need is serious if it has been diagnosed by a doctor as mandating treatment or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention. Hill, 40 F.3d at 1187.

Plaintiff's Complaint does not suggest that he suffered injuries of this magnitude as a result of the July 21, 2010, incident. Plaintiff does not describe visible wounds or fractures that posed a substantial risk of serious harm or any injury which was so obvious that even a layperson would easily recognize the necessity for a doctor's attention. See id. Indeed, when Plaintiff was examined, the physician could "not find anything wrong." Thus, if Plaintiff had suffered any physical injuries as a result of Defendant Young striking Plaintiff in the face, they were apparently minor enough to heal without medical treatment. And, if Plaintiff had previously suffered a broken rib, he concedes that this injury arose from an earlier incident and is unrelated to the assault giving rise to his claim. The prior assault is in fact the subject of another § 1983 claim currently pending in this Court: *Davis v. Banta*, 5:12-CV-146-MTT-CHW.

Even if the Plaintiff's injuries (from either incident) were "objectively serious," he has also failed to demonstrate that prison officials were "deliberately indifferent" to his needs. Plaintiff made no allegations against Defendant Dawn Smith and only alleges that the remaining Defendants knew about his requests for medical treatment. Moreover, according to the Complaint, when advised of his requests, Defendants either told Plaintiff that they would try to help him get medical treatment or indicated that they believed that he had already received medical treatment. This does not demonstrate a deliberate indifference; at best, Plaintiff has shown that prison officials may have been negligent. See Estelle v. Gamble, 429 U.S. 97, 105 (1976). It is likewise clear from the Complaint that Defendant Dr. Burnside did not deny Plaintiff medical treatment on August 10, 2010; he did examine Plaintiff and, and there are no allegations suggesting that this treatment was somehow constitutionally inadequate. See id. (quoting Westlake v. Lucas, 537 F.2d 857, 860 n.5 (1st Cir. 1981) ("We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. . . . Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). Plaintiff has thus failed to state a deliberate indifference claim against any Defendant.

Pursuant to 28 U.S.C. ▪ 636(b)(1), Plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. **Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings**.

6

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken

at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian.  Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein she is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

It is further **ORDERED** and **DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation

9

Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  In addition, Plaintiff's Complaint is subject to dismissal if she has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 5th day of September, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge