**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **PATRICK DAVIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **CASE NO: 5:12-CV-294-CAR-CHW** |
| | : | |
| **Warden STEVE UPTON, et. al.** | : | |
| | : | |
| **Defendants.** | : | **PROCEEDINGS UNDER 42 U.S.C. ▪ 1983** |
| | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |

_____

**ORDER ON RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Patrick Davis**,** a prisoner currently confined at the Georgia Diagnostic and Classification Prison ("GDCP"), filed this *pro se* civil rights complaint under 42 U.S.C. § 1983.   As required, the United States Magistrate Judge conducted a preliminary review of Plaintiff's Complaint and thereafter recommended the dismissal of various claims and parties. See 28 U.S.C. § 1915A.   Plaintiff has since filed a timely Objection (ECF No. 13) to the Magistrate Judge's Recommendation (ECF No. 10).   Therein, Plaintiff attempts to supplement his Amended Complaint.

Pursuant to 28 U.S.C. § 636(b)(1), this Court has thoroughly considered the Recommendation of the United States Magistrate Judge, Plaintiff's Objection, and his additional allegations.   After careful consideration, the Court accepts and adopts the findings and conclusions the United States Magistrate Judge.   However, in light of the

additional allegations in his Objection, Plaintiff will be permitted to go forward with his claim against Defendant Warden Powell.   See Newsome v. Chatham Cnty. Detention Cntr., 256 F. App'x 342, 344-45 (11th Cir. 2007) ("district court should have considered [prisoner's] additional allegations in the objection as a motion to amend his complaint and granted it").

Based on this and upon the Court's own findings, it is hereby **ORDERED** that all claims, except those excessive force claims against Defendant Officer Young and Deputy Warden Powell, be **DISMISSED without prejudice**.[1] See 28 U.S.C. § 1915A(b)(1); see also Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (negligent failure to protect a prison inmate from attack does not justify liability under § 1983); Kron v. LeBlanc, 2012 WL 4563957, at * 19 (E.D. La. Oct. 1, 2012) ("abrasions, bruises, mental anguish, swelling, lacerations and a reopened surgical incision that healed on its own within two weeks" did not constitute a serious medical need for constitutional purposes); Lockett v. Suardini, 526 F.3d 866, 877 (6th Cir. 2008) ("minor lacerations and cuts" and soreness in two fingers, which were no longer obvious upon medical examination within 24 hours after altercation, were not serious medical needs).

It is further **ORDERED** that Defendant Warden Powell now be served and that he file a Waiver of Reply, an Answer, or such other response as may be appropriate under

---

[1] Washington v. Wigington, No. 1:12–CV–0637–WSD–JFK, 2012 WL 3834844 (N.D. Ga. July 27, 2012) ("When a pro se plaintiff fails to state a claim and a more carefully drafted complaint might state a claim, dismissal should be without prejudice."); see also Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is also reminded of his duty to avoid unnecessary expenses and of the possible imposition of expenses for failure to waive service under Rule 4(d).

SO ORDERED, this 2nd day of November, 2012.

S/   C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

jlr