IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PATRICK DAVIS, | : | |
| Plaintiff, | : | |
| | : | Case No. 5:12-cv-294 (CAR) |
| v. | : | |
| | : | |
| EMMANUEL YOUNG, | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Before the Court is the issue of whether to dismiss Defendant Officer Emmanuel Young for failure to serve under Rule 4(m) of the Federal Rules of Civil Procedure. For the reasons stated below, it is **RECOMMENDED** that Defendant Young be **DISMISSED** for failure to effect timely service despite the Court's exhaustion of all reasonable efforts.

## FACTUAL AND PROCEDURAL HISTORY

The above-styled 42 U.S.C. § 1983 case arises out of an alleged incident of excessive force at Georgia Diagnostic and Classification Prison on July 21, 2010.[1] Plaintiff alleges that, while he was restrained with handcuffs and ankle shackles, Defendant Officer Emmanuel Young pinned Plaintiff against the wall and struck Plaintiff on the left side of his face and ear with a closed fist. Plaintiff claims that he experienced pain because of Defendant Young's excessive force and that, despite his subsequent requests for medical treatment, Plaintiff was not examined by Dr. Burnside until August 10, 2010. At that time, Dr. Burnside informed Plaintiff that he "did not see anything wrong" with Plaintiff's ear.

In addition, Plaintiff alleges that on July 27, 2010, he informed Defendant Powell that he had not yet received medical treatment after the July 21, 2010 incident. During this conversation,

---

[1] The facts presented herein appear as alleged in Plaintiff's initial complaint or his subsequent supplements. Docs. 1, 8, 9.

Defendant Powell responded, "she told me that she examined you," and Defendant Powell also mentioned there were documents indicating that Plaintiff already had received medical treatment. Plaintiff claims that he told Defendant Powell that he had submitted several medical request forms, some of which predated the July 21, 2010 incident, to no avail. Plaintiff further alleges that one day later, on July 28, 2010, Defendant Powell informed Plaintiff that he had reviewed the recording of the July 21, 2010 incident and told Plaintiff that "Officer Young only placed his hand on your face to turn it to the side" and that "officers are allowed to get in your face because you're an inmate, and you're to be treated like that."

On July 12, 2012, Plaintiff executed his initial complaint against nine named individuals affiliated with Georgia Diagnostic and Classification Prison.[2] Doc. 1. The Court ordered Plaintiff to supplement his initial complaint because Plaintiff failed to provide sufficient detail to allow the Court to evaluate his claims. Doc. 5. Plaintiff subsequently filed two supplemental pleadings. Docs. 8, 9. Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court concluded that only Plaintiff's excessive force claim against Defendant Young should proceed past frivolity review. Doc. 10.

Plaintiff filed an objection to the Court's order and recommendation in which he reiterated his prior allegations about Defendant Powell and claimed for the first time that Defendant Powell's July 28, 2010 statement to Plaintiff demonstrated that Defendant Powell had instituted a custom of excessive force in violation of Plaintiff's constitutional rights. Doc. 13. After reviewing Plaintiff's objection, the Court permitted Plaintiff to proceed with his

---

[2] Although the Court received Plaintiff's complaint on July 24, 2012, Plaintiff executed his complaint on July 12, 2012, which is construed as the date of filing where, as here, a *pro se* inmate files his civil rights complaint under 42 U.S.C. § 1983. See generally Lewis v. Barnick, 385 Fed. Appx. 930, 931 (11th Cir. 2010), quoting Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993).

2

supervisory liability claim against Defendant Powell as well as his excessive force claim against Defendant Young. Doc. 17.

Defendant Powell subsequently filed a motion to dismiss. Doc. 22. Plaintiff responded to Defendant Powell's motion to dismiss, and Defendant Powell replied to Plaintiff's response. Docs. 34, 35. On June 7, 2013, the Court recommended that Defendant Powell's motion to dismiss should be granted. Doc. 36. After Plaintiff failed to object to the recommendation, the Court adopted the recommendation and dismissed the supervisory liability claim against Defendant Powell. Doc. 37. When the Court granted Defendant Powell's motion to dismiss, Defendant Young became the only remaining Defendant in this case. Id. To date, Defendant Young has not been served with the summons and complaint despite numerous efforts by the Court to effectuate service. Docs. 11, 12, 14, 15, 16, 20, 31, 38.

## DISCUSSION

Because the record establishes that Defendant Young could not be located and served with reasonable effort by the Court, it is appropriate to dismiss the remaining excessive force claim against Defendant Young for failure to effect timely service. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, where the plaintiff fails to serve process within 120 days of filing the complaint and does not show good cause for his failure, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Generally, "the failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1288 (11th Cir. 2009). Even so, the Eleventh Circuit concluded that "as long as

the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010).

In this case, the record establishes that the Court cannot locate Defendant Young, who resigned from the Georgia Department of Corrections in January 2011 and failed to leave any forwarding information on file, with reasonable effort. To date, the Court made the following reasonable efforts to timely serve Defendant Young with the summons and complaint: (1) ordering service on Defendant Young at Georgia Diagnostic and Classification Prison by mail (Docs. 11, 12); (2) issuing a summons and ordering personal service on Defendant Young after prior attempts to serve Defendant Young by mail failed (Docs. 14, 15, 16); (3) investigating Defendant Young's current whereabouts and attempting to serve Defendant Young on more than one occasion during October and November 2012 (Doc. 20); (4) notifying Plaintiff that the Court had received an unexecuted process receipt and return for Defendant Young on two separate occasions and directing Plaintiff to provide additional information about Defendant Young's current whereabouts so that the Court could continue its efforts to effectuate service (Doc. 31); and (5) entering an order to show cause after Plaintiff failed to respond to the Court's prior order regarding its inability to serve Defendant Young based on the limited information provided by Plaintiff (Doc. 38).

After reviewing Plaintiff's timely response to the Court's most recent order to show cause (Docs. 38, 39), the Court remains unable to locate and serve Defendant Young with the summons and complaint despite the Court's exhaustion of all reasonable efforts to do so between September 2012 and July 2013. Accordingly, it is appropriate for the Court to dismiss Plaintiff's remaining excessive force claim against Defendant Young because the record establishes that

Defendant Young could not be located with reasonable effort by the Court to effectuate service on behalf of Plaintiff. See <u>Richardson</u>, 598 F.3d at 740; see also Fed. R. Civ. P. 4(m).

## CONCLUSION

For the above-stated reasons, it is hereby **RECOMMENDED** that Defendant Young be **DISMISSED** for failure to timely serve. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 13th day of August, 2013.

<u>s/ Charles H. Weigle</u>
Charles H. Weigle
United States Magistrate Judge