IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| PATRICK DAVIS, | : | |
| :--- | :--- | :--- |
| Plaintiff, | : | |
| v. | : | |
| | : | No. 5:12-CV-294 (CAR) |
| EMMANUEL YOUNG, | : | |
| Defendant. | : | |

**ORDER ON THE RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Recommendation of the United States Magistrate Judge [Doc. 41] to dismiss Defendant Emmanuel Young for failure to effect timely service of process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Therein, the Magistrate Judge recounts the Court's numerous efforts between September of 2012 and July of 2013 to locate and serve Defendant.  Defendant, who is no longer employed by the Department of Corrections, did not leaving his forwarding information with his former employer and an investigation into his current whereabouts proved unavailing.  After examining Plaintiff's response to the Court's Order to show cause, the Magistrate Judge determined that the Court remains unable to locate and serve Defendant, and that Plaintiff Patrick Davis has not shown good cause to extend the time in which to serve process.  Plaintiff, proceeding *pro se* and *in*

1

*forma pauperis* has submitted a timely Objection to the Recommendation [Doc. 42]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Plaintiff's Objection, has made a *de novo* determination of the portions of the Recommendation to which Plaintiff's objects, and finds the Objection to be without merit.

In his Objection, Plaintiff contends that his failure to provide the Court with an address for Defendant is not a sufficient basis to dismiss this action because he is proceeding *in forma pauperis*. In general, Plaintiff is correct: "[i]t is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison."[1] However, a court should determine whether a defendant "can be located by reasonable effort."[2] If a prisoner-litigant can provide the court with enough information to identify the prison-guard defendant[, then the plaintiff has] established good cause for Rule 4(m) purposes."[3] Here, the Court made several efforts to locate and serve Defendant.[4] Despite Plaintiff's most recent response to the Court's show cause Order, the Court is still unable to locate and serve Defendant. Additionally, Plaintiff has not shown good cause to extend the time for service of process any further.

To the extent Plaintiff contends that Defendant's former employer is intentionally withholding Defendant's forwarding address, the Court finds this

---

[1] *Richardson v. Johnson*, 598 F.3d 734, 739-740 (11th Cir. 2010).
[2] *Id.*
[3] *Id.* at 740.
[4] [Docs. 11, 12, 14, 15, 16, 20, 31, & 38].

2

argument to be unavailing.  There is no evidence in the record to suggest that the Department of Corrections knows the whereabouts of Defendant or that it is intentionally withholding this information.  There is also no indication that the Department of Corrections considers the whereabouts of Defendant to be privileged information.  The record indicates that after Defendant resigned, the Department of Corrections did not have any forwarding information for Defendant.[5]  Thus, the Court declines to order the Department of Corrections to produce this information as is requested by Plaintiff.

Based on the foregoing, the Court agrees with the findings and conclusions of the United States Magistrate Judge; the Recommendation [Doc. 41] is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**.  The instant action is **DISMISSED** in its entirety.

**SO ORDERED,** this 5th day of September, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH

---

[5] [Doc. 16].